UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA,
Ex. Rel. SUZANNE BALKO, Relator
    Plaintiff,

v.                                         Case No. 8: 13-cv-3072-T-17-EAK-TBM

SENIOR HOME CARE, INC.,
    Defendant.
_____/

## ORDER ON DEFENDANT'S MOTION TO DISMISS

This cause is before the Court on Defendant's, Senior Home Care, Inc. ("SHC" or "Defendant"), Motion to Dismiss Complaint and Incorporated Memorandum of Law (Doc. 16) and Relator's, Suzanne Balko ("Balko" or "Relator"), Memorandum of Law in Opposition to Defendant's Motion to Dismiss (Doc. 18). For the reasons set forth below, Defendant's Motion to Dismiss is **DENIED**.

## PROCEDURAL HISTORY AND BACKGROUND

Relator filed under seal a Complaint against Defendant on behalf of the United States of America on December 15, 2013. (Doc. 1). The Complaint was brought action under the Federal False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, alleging Defendant defrauded the United States of America. (Doc. 1). The United States of America filed a notice of election to decline intervention on October 23, 2014. (Doc. 10). Defendant filed Motion to Dismiss Complaint on December 15, 2014. (Doc. 16). On January 2, 2015, Relator filed a memorandum in opposition

to the motion to dismiss. (Doc. 18). The following facts are taken from the Complaint and considered true for the purpose of resolving this motion.

Relator was employed by Defendant from July 13, 2009 through September 23, 2011. (Doc. 1 at ¶ 10). Relator alleges Defendant presented fraudulent claims to the United States of America for payment of patients wound care through a scheme where all surgical wounds less than thirty (30) days old were fraudulently identified as not healing. (*Id*. at ¶ 2). Beginning in January 2011 through an unknown date, the allegation is that Defendant directed field clinicians to code all patient surgical wounds on OASIS-C data set M1342 as non-healing; then in-house clinicians reviewed, and changed if necessary, OASIS-C for compliance with this directive. (*Id*. at ¶ 6).

During her employment with Defendant, Relator personally completed OASIS-C data sets and submitted to SHC. (*Id*. at ¶ 19). Specifically, Relator has personal knowledge fraudulent OASIS-C reports were submitted during the timeframe of January 1, 2011 through September 27, 2011. (*Id*. at ¶ 27). Relator submitted OASIS-C reports to SHC with data set M1342 not coded "non-healing" against SHC's instruction to do otherwise. (*Id*.). Relator spoke with one of four in-house clinicians via telephone to provide OASIS-C coding. (*Id*.). After which, Relator received e-mails confirming "that Relator has approved changes to M1342", however, she did not actually approve any changes. (*Id*.). The e-mails were received on Relator's work laptop, which did not allow her to reply or print e-mails. (*Id*.).

Defendant then notified Relator that a patient had been accepted by Medicare for treatment, which only occurs after submission of proper forms, including OASIS-C. (*Id.*). Defendant's payments from Medicare for providing patient care are based in part upon OASIS-C data sets, and would be higher by coding M1342 as "non-healing". (*Id.*).

After her employment with Defendant ended, Relator met with SHC's president Bob Fusco. (*Id.*). Relator advised Mr. Fusco of the improper practice engaged in by Defendant. (*Id.*). Mr. Fusco specifically admitted he "knew that the improper claims were submitted and that SHC would be liable for substantial financial reimbursement" during this meeting. (*Id.*).

## **STANDARD OF REVIEW**

A proper Complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Further, a claim based upon fraud must "state with particularity the circumstances constituting the mistake or fraud." Fed. R. Civ. P. 9(b). However, the "[m]alice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.*

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)(quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A factually sufficient complaint "allows the court to draw the reasonable inferences that the defendant is liable for the misconduct alleged." *Id*. Application of this standard follows two analytical principles. First, the court will not presume the truth of a complaint's legal conclusions. Second, a complaint's well-pleaded factual allegations must allow

the court to infer the plausibility, rather than the mere possibility, that the plaintiff is entitled to relief. *Id.* at 678-679.

## DISCUSSION

A. False Claims Act

The FCA imposes liability upon any person who "knowingly presents, or causes to be presented, a false or fraudulent claim for payment or approval;" or who "knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim" to the United States Government. 31 U.S.C. § 3729 (a)(1)(A-B).

Taking the Relator's allegations as true the basic elements for a FCA claim are met. The Relator describes a scheme in detail where the OASIS-C form data set M1342 was coded incorrectly in order to increase payments from Medicare to Defendant. The Relator has knowledge that the fraudulent claims were submitted based on patients being approved for Medicare treatment, and her conversation with the president of SHC. The Relator has personal knowledge garnered from her employment with the Defendant on which to base her allegations.

B. Rule 9(b)

In FCA cases Rule 9(b) applies to the complaint, meaning it must "state with particularity the circumstances constituting the fraud or mistake." Fed. R. Civ. P. 9(b); *U.S. ex rel. Mastej v. Health Mgmt. Associates, Inc.*, No. 13-11859, 2014 WL 5471925, at 8 (11th Cir. Oct. 30, 2014). "The particularity rule serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior." *United States ex rel. Atkins v. McInteer*, 470 F.3d

1350, 1359 (11th Cir.2006) (quotation marks omitted). Therefore, a FCA complaint "satisfies Rule 9(b) if it sets forth facts as to time, place, and substance of the defendant's alleged fraud, specifically the details of the defendants' allegedly fraudulent acts, when they occurred, and who engaged in them." *Hopper v. Solvay Pharm., Inc.*, 588 F.3d 1318, 1324 (11th Cir.2009) (quotation marks omitted).

Rule 9(b) does not permit a plaintiff to "merely to describe a private scheme in detail but then to allege simply and without any stated reason for his belief that claims requesting illegal payments must have been submitted, were likely submitted or should have been submitted to the Government*"* there must be "some indicia of reliability…in the complaint to support the allegation of an actual false claim for payment being made to the Government." *U.S. ex rel. Clausen v. Lab. Corp. of Am.*, 290 F.3d 1301, 1311 (11th Cir. 2002). "However, there is no per se rule that an FCA complaint must provide exact billing data or attach a representative sample claim." *U.S. ex rel. Mastej v. Health Mgmt. Associates, Inc.*, at 9. Whether a complaint contains sufficient indicia of reliability to satisfy Rule 9(b) is evaluated on a case-by-case basis. *U.S. ex rel. Atkins v. McInteer,* at 1358. This case-by-case evaluation is nuanced and there are "no bright-line rules" to produce the required indicia of reliability. *U.S. ex rel. Mastej v. Health Mgmt. Associates, Inc.*, at 9. In *U.S. ex rel. Walker v. R & F Properties of Lake County, Inc.*, a nurse practitioner's basis for fraudulent claims being submitted to the government included conversations about defendant's billing practices with defendant's office manager satisfied Rule 9(b). *U.S. ex rel. Walker v. R & F Properties of Lake County, Inc.*, 433 F.3d 1349, 1360 (11th Cir.2005).

Rule 9(b) is satisfied here by taking the Relator's facts as true. She describes with particularity the circumstances of the fraud by laying out the scheme utilized by Defendant to have all OASIS-C data set M1342 coded as "non-healing" in order to increase Medicare payouts. Relator describes the time, place, and substance of the alleged fraud. Relator states that between January 1, 2011 and September 27, 2011, while employed for Defendant, she witnessed her OASIS-C data set M1342 being changed without her consent. Relator describes phone conversations and e-mails detailing the unauthorized change. Also, Relator has a conversation with Defendant's president where he admits to the alleged scheme of submitting fraudulent data for increased Medicare payments and the Defendant's liability. Accordingly, it is

**ORDERED** that Defendant's Motion to Dismiss is **DENIED**. The Defendant shall answer this complaint within ten days of this date.

**DONE AND ORDERED** in Chambers in Tampa, Florida, this 6th day of March, 2015.



ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Copies to: All parties and counsel of record.