**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA**
**ex rel., SUZANNE BALKO, Relator,**

    **Plaintiff,**

**v.**　　　　　　　　　　　　　　　　　　　　**Case No. 8:13-cv-3072-T-17TBM**

**SENIOR HOME CARE, INC.,**

    **Defendant.**
_____/

**SUPPLEMENT TO**
**REPORT AND RECOMMENDATION**

THIS MATTER is before the Court *sua sponte*.

On May 2, 2017, this Court entered a Report and Recommendation on a fairness determination regarding a proposed settlement agreement pursuant to 31 U.S.C. § 3730(c)(2)(B). (Doc. 132). As noted in the Report and Recommendation, the parties had differing views on the applicable standard governing the fairness determination. The undersigned noted that the Eleventh Circuit had not adopted a standard for determining what is fair, adequate, and reasonable in the context of False Claims Act litigation and settlement. *Id.* at 11. As such, the proposed settlement was considered under the two standards advocated by the parties, with my conclusion the same under both.

On May 3, 2017, the Eleventh Circuit published its opinion in *United States, et al. v. Everglades College, Inc.*, No. 16-10849, 2017 WL 1658478 (11th Cir. May 3, 2017). In that

opinion, the Court decided that the proper standard for reviewing proposed settlements between the United States and a False Claims Act defendant. The Court "conclude[d] that the Rule 23 standard for class settlements between private parties is not the proper framework for evaluating FCA settlements between the government and the defendant." *Id.* at *5. Rather, it stated:

> The United States' decision to end a case through settlement is similar enough to a decision to dismiss the case—a choice committed to the discretion of the Executive Branch—that this Court must afford some degree of respect to the government's settlement rationale. At the same time, given the FCA's mandate that we review settlements for fairness, we cannot just rubber stamp the government's justifications. *In light of these principles, our review of proposed settlements must account for the reasonableness of the rationale offered by the government as well as the potentially prejudicial effect on the relator. Thus, we ask whether the government has advanced a reasonable basis for concluding the settlement is in the best interests of the United States, and whether the settlement unfairly reduces the relator's potential qui tam recovery.*

*Id.* at *6 (emphasis added).

Upon additional review, the analysis and conclusions set forth in my Report and Recommendation (Doc. 132) support the finding of fairness, adequacy, and reasonableness of the proposed settlement under this newly-articulated standard. For the same reasons set forth therein, the Government has advanced a reasonable basis for concluding the settlement is in the best

interests of the United States and the settlement does not unfairly reduce Relator's potential *qui tam* recovery.[1]

Accordingly, it is again recommended that the district judge approve the proposed settlement agreement and reserve jurisdiction to decide the matter of Relator's share, as well as any fees and costs.

Respectfully submitted this
4th day of May 2017.

THOMAS B. McCOUN III
UNITED STATES MAGISTRATE JUDGE

**SUPPLEMENTAL NOTICE TO PARTIES**

A party has fourteen (14) days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

---

[1] The new standard does not render wholly irrelevant the lengthy discussion of each of the class-action settlement standard factors in Section III.B. of the Report and Recommendation. The findings regarding Relator's likelihood of success at trial and that the proposed settlement is within range of possible recovery support the conclusion that the proposed settlement is fair, adequate, and reasonable in the circumstances under the new standard. Moreover, the analysis under the more deferential *Sequoia* standard as set forth in Section III.A. of the Report and Recommendation sets forth a fair assessment of the Government's and the Relator's respective interests consistent with the new standard. Thus, I find that the decision in *United States, et al. v. Everglades College*, *supra*, does not call for a different result from that recommended.

3

Copies to:
The Honorable Elizabeth A. Kovachevich, United States District Judge
Counsel of record