UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA
ex rel., SUZANNE BALKO, Relator,

v.  Case No.: 8:13-cv-03072-EAK-TBM

SENIOR HOME CARE, INC.,

## ORDER

This cause comes before the Court pursuant to the *Report and Recommendation* (Doc. No. 132) (the "**R&R**") and the *Supplement to the Report and Recommendation* (Doc. No. 133) (the "**Supplement**") entered by United States Magistrate Judge Thomas B. McCoun, III on May 2, 2017 and May 4, 2017, respectively.[1] Pursuant to the R&R and Supplement, the Magistrate Judge recommends that the proposed settlement agreement (Doc. No. 114) filed by the United States be approved. Thus, for the reasons set forth below, the R&R, as amended by the Supplement, is **ADOPTED AND INCORPORATED BY REFERENCE.**

I.  **Background**

The Relator, Suzanne Balko, commenced this case by filing a *qui tam* action under the False Claims Act ("**FCA**"), 31 U.S.C. § 3729, against the Defendant, Senior Home Care, Inc. ("**SHC**") on December 5, 2013. (*Complaint*, Doc. No. 1). On October 23, 2014, the United States filed a Notice of Election to Decline Intervention (Doc. No. 10) and the file was unsealed (Doc. No. 11). This Court, having reviewed the Defendant's Motion to

---

[1] The Court also reviewed the audio recording of the February 9, 2017 hearing before Judge McCoun, and the transcript of the supplemental fairness hearing that took place on March 24, 2017. *See Transcript*, Doc. No. 130.

Dismiss (Doc. No. 16) and Plaintiff's Memorandum in Opposition (Doc. No. 18), denied the Defendant's motion on March 6, 2015. *Order*, Doc. No. 28.

In February 2016, the Relator, a registered nurse field clinician for SHC, filed an Amended Complaint, alleging that the SHC defrauded the United States by presenting false claims for payment of wound care treatment through a scheme that fraudulently identified all surgical wounds less than three days old as "not healing." (*Amended Complaint*, Doc. No. 44 at 1). On June 27, 2016, the parties filed a Joint Notice of Settlement stating that the parties had reached a settlement in principle and notified the United States of the same. (*Joint Notice of Settlement*, Doc. No. 84). The Settlement also asked that the action be stayed or administratively closed for sixty days pending approval of a written settlement agreement. *Id.*

On that basis, the Court entered an order (Doc. No. 85) directing administrative closure. On September 16, 2016, the United States sought leave to intervene and filed a Notice of Settlement. (Doc. No. 97, 98). Over the Relator's objections, the Court granted the Motion to intervene for purposes of settlement. (Doc. No. 103, 122). After reviewing the proposed settlement and the docket, Judge McCoun determined that the proposed settlement agreement should be adopted. (Doc. No. 132, 134). As of the entry of this order, the Defendant has not responded to the R&R or the Supplement or objected to any of its findings.

## II.  Legal Standard

Under the Federal Magistrate's Act (the "Act"), Congress vested Article III judges with the power to "designate a magistrate judge to hear and determine any pretrial matter pending before the court," subject to various exceptions. 28 U.S.C. § 636(b)(1)(A). The

2

Act further vests magistrate judges with authority to "submit to the judge of the court proposed findings of fact and recommendations for the disposition" by an Article III judge. 28 U.S.C. § 636(b)(1)(B). "Within fourteen days after being served with a copy [of a magistrate's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations." 28 U.S.C. § 636(b)(1). On review by the district court, "the court shall make a de novo determination of those portions of the report . . . to which objection is made." *Id.* When no timely and specific objections are filed, case law indicates the court should review the findings using a clearly erroneous standard. *Gropp v. United Airlines, Inc.*, 817 F.Supp. 1558, 1562 (M.D. Fla. 1993). Here, neither the Plaintiff nor the Defendant objected to the R&R or Supplement within the time permitted. As a result, the Court deems the R&R to be unopposed and shall review the findings under the clearly erroneous standard. Upon due consideration, the Court concurs with the R&R and Supplement.

## III. Discussion

The United States "may settle [an] action with the defendant notwithstanding the objections of the person initiating the action if the court determines, after a hearing, that the proposed settlement is *fair, adequate, and reasonable* under all the circumstances." 31 U.S.C. § 3730(c)(2)(B) (emphasis added). Until recently, the standard to determine whether a settlement is fair, adequate, and reasonable was unclear. However, on May 3, 2017, the Eleventh Circuit decided the proper standard in *United States, et al. v. Everglades College, Inc.*, 855 F.3d 1279 (2017)[2].

---

[2] On July 27, 2017, the Eleventh Circuit denied the petition for rehearing en banc in the *Everglades* case. The Court waited to issue a ruling on the R&R and the Supplement thereto until our appellate court ruled on the pending petition for rehearing.

## A. Proper standard for evaluating FCA settlements

In *Everglades College*, the plaintiffs brought a *qui tam* action against Everglades College, Inc., d.b.a. Keiser University ("Keiser") under the FCA. *Id.* at 1282. The plaintiffs alleged that Keiser falsely certified compliance with a federal law that prohibited admissions personnel from receiving incentive payments based on their success in securing enrollments. *Id.* The United States initially declined to intervene, but the plaintiffs continued to pursue the case on behalf of both themselves and the United States as they are allowed to do under 31 U.S.C. §3070(b)(4)(B). *Id.* at 1283. In a bench trial, the district court found that the plaintiffs suffered no financial damages but still awarded $11,000 in statutory penalties. *Id.* at 1284.

The plaintiffs appealed to the Eleventh Circuit Court of Appeals. *Id.* But the United States, believing an appeal was risky, struck a tentative settlement agreement with Keiser. *Id.* The agreement provided that if Keiser paid the United States $335,000, the United States would release Keiser from any additional administrative or civil claims. *Id.* Since the plaintiff's merit appeal was still pending in the Eleventh Circuit, the district court did not have jurisdiction to enter any orders. *Id.* Still, on the United States' motion, the district court entered an indicative order that if it reacquired jurisdiction on remand, it would permit the United States to intervene and would approve the proposed settlement as fair and reasonable. *Id.* The Eleventh Circuit then remanded the case back to the district court, which ultimately granted the government's motion. *Id.* The plaintiffs again appealed, and the Eleventh Circuit was presented with the issue of whether the proposed

4

settlement was "fair, adequate, and reasonable" under 31 U.S.C. § 3730(c)(2)(B). *Id.* at 1285.

In determining how to resolve the issue, the court first looked at the standard used to evaluate proposed class settlement between private parties under Fed. R. Civ. P. 23. It held that such a standard was not the proper framework for evaluating FCA settlements because a *qui tam* FCA suit is materially different from a class action suit between two private parties. *Id.* at 1288. First, members of a class action typically suffer a legally cognizable injury themselves, while a relator in a *qui tam* action does not. *Id.* at 1287-88. The United States is the real party in interest to FCA actions; therefore, the relator is simply bringing the claim as an assignee of the United States. *Id.* at 1288. Therefore, when the United States agrees to settle, it does so only with respect to its own injuries. *Id.*

Second, the interest of members in class actions is confined to maximizing recovery against defendant; the United States' interests in a *qui tam* action, however, are not. *Id.* The United States may consider public policy consequences, political ramifications, and the limited amount of prosecutorial resources that are available. *Id.* Thus, in concluding that the Rule 23 standard for reviewing class settlements is not the proper framework, our appellate court held that the proper standard is to determine "whether the government has advanced a reasonable basis for concluding the settlement is in the best interests of the United States, and whether the settlement unfairly reduces the relator's potential qui tam recovery." *Id.* at 1289.

### B. The proposed settlement is "fair, adequate, and reasonable"

The Court, having reviewed the R&R (Doc. No. 132), Supplement (Doc. No. 133), and the record, including the oral and written arguments of the parties, concludes that the United States has advanced a reasonable basis for concluding that the proposed settlement furthers its best interests without unfairly reducing Relators' *qui tam* recovery. It is thus "fair, adequate, and reasonable."

As the *Everglades* panel noted, the Government's decision to settle can be based on several factors including the desire to avoid expending further resources. *Id.* at 1288. Here, the Government argues that the Relator's case is tenuous, maintaining that there are legal and factual flaws in Relator's theory of liability that could result in a defense verdict if the case was taken to trial. Furthermore, although the Relator estimates that the potential recovery of $20,000,000.00 dwarfs the $325,000.00 settlement figure, this argument does not hold much weight. In *Everglades*, the plaintiffs made a similar argument, but the Eleventh Circuit sided with the government and its interest in "preferring the certainty of a settlement to the uncertainty of an appeal." *Id.* at 1289. This case is similar in that the Government seeks the certainty of the settlement over the potential defense verdict at trial. Therefore, the $325,000 sum, *a figure originally agreed to by the Relator*, does not unfairly reduce the relator's potential *qui tam* recovery. Finally, as Judge McCoun wrote in the Supplement:

> The findings regarding Relator's likelihood of success at trial and that the proposed settlement is within range of possible recovery support the conclusion that the proposed settlement is fair, adequate, and reasonable in the circumstances under the new standard. Moreover, the analysis under the more deferential *Sequoia* standard as set forth in Section III.A. of the Report and Recommendation sets forth a fair assessment of the Government's and the Relator's respective interests consistent with the new standard.

*Supplement*, Doc. No. 133 at 3. The Court's review of the arguments presented by the parties demonstrate to the Court that the settlement agreement should be approved under the standard enunciated in *Everglades.*

IV. **Conclusion**

Accordingly, it is

**ORDERED** that the R&R, as amended by the Supplement, is **ADOPTED AND INCORPORATED BY REFERENCE**. The Court **APPROVES** the settlement agreement as fair, adequate and reasonable.

**DONE** and **ORDERED** at Tampa, Florida, this 1st day of August, 2017.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

COPIES FURNISHED TO:

Counsel of Record

7